IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division



FILED IN OPEN COURT

APR 23 2015

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 1:15-CR-118 |
| ) | |
| v. ) | Count 1: 18 U.S.C. §1349 |
| ) | (Conspiracy to Commit Wire Fraud |
| 1. MOHSIN RAZA, ) | Affecting a Financial Institution, |
| (Counts 1-7) ) | |
| ) | Counts 2-7: 18 U.S.C. §1343 |
| 2. HUMAIRA IQBAL, ) | (Wire Fraud Affecting a Financial |
| (Counts 1, 3, and 5) ) | Institution) |
| ) | |
| 3. FARUKH IQBAL, and ) | Forfeiture Notice |
| (Counts 1-2) ) | |
| ) | |
| 4. MOHAMMAD ALI HAIDER, ) | |
| (Counts 1 and 7) ) | |
| ) | |
| Defendants. ) | |

## INDICTMENT

April 2015 Term - At Alexandria

### INTRODUCTION

THE GRAND JURY CHARGES THAT:

At times material to this indictment:

1. Purchasers of homes typically financed their purchases by submitting loan applications to lending institutions to obtain mortgages. Loan applications required borrowers to to truthfully disclose information material to the lending institutions, such as employment, income, assets, and liabilities, and whether the home being purchased would be the borrower's

primary residence, secondary residence, or an investment property.

2. Escrow agents, also known as settlement or closing agents, oversaw the settlement of real estate transactions, commonly referred to as settlements or closings. Escrow agents were responsible for having borrowers sign numerous documents, including final versions of the loan applications. Escrow agents were also responsible for receiving the mortgage loan proceeds from the lending institutions and disbursing the funds to those who were entitled to receive payments from the loan proceeds.

3. A "straw buyer" or "straw borrower" was an individual in whose name a loan application was submitted to a lending institution to obtain a mortgage loan to enable another person, unidentified to those at the lending institution responsible for approving the loan, to purchase and control property.

4. SunTrust Mortgage was a lending institution that originated mortgage loans for borrowers to use to buy houses. SunTrust Bank was a financial institution, the accounts of which were insured by the Federal Deposit Insurance Corporation, an agency of the United States established to protect depositors by insuring deposits in member banks. All mortgages originated by SunTrust Mortgage were funded by SunTrust Bank. Whenever SunTrust Mortgage originated a new mortgage loan, SunTrust Mortgage submitted a funding request to SunTrust Bank. After the funding request was submitted, SunTrust Bank transferred by wire the requested funds in interstate commerce to the escrow agent's bank account.

5. Defendant MOHSIN RAZA was a loan officer and branch manager at the SunTrust Mortgage office in Annandale, Virginia. He had previously been a loan officer for Bank of America.

6. Defendant HUMAIRA IQBAL was MOHSIN RAZA's wife and assisted him at the SunTrust Mortgage office in Annandale, Virginia.

7. Defendant FARUKH IQBAL was HUMAIRA IQBAL'S brother and a loan officer at the SunTrust Mortgage office in Annandale, Virginia.

8. Defendant MOHAMMAD ALI HAIDER was HUMAIRA IQBAL's brother and a loan officer at the SunTrust Mortgage office in Annandale, Virginia.

9. The above introductory allegations are re-alleged and incorporated in each count of this Indictment as if fully set forth in each count.

## COUNT 1
(Conspiracy to Commit Wire Fraud Affecting a Financial Institution)

THE GRAND JURY FURTHER CHARGES THAT:

10. From in or before May 2006 through on or about February 5, 2007, in the Eastern District of Virginia and elsewhere, defendants, MOHSIN RAZA, HUMAIRA IQBAL, FARUKH IQBAL, and MOHAMMAD ALI HAIDER, knowingly and intentionally combined, conspired, and agreed with each other, and others known and unknown to the Grand Jury, to commit a certain offense against the United States; namely, knowingly to devise and intend to devise a scheme and artifice, affecting a financial institution, to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud, knowingly to transmit and cause to be transmitted by means of wire communications in interstate commerce, certain writings, signs, signals and sounds, in violation of Title 18, United States Code, Section 1343.

### Manner and Means of the Conspiracy

It was a part of the conspiracy that:

11. The defendants prepared, and caused to be prepared, false mortgage loan applications for prospective borrowers. The defendants knew that the loan applications contained false material information, such as inflated incomes, inflated assets, reduced liabilities, and statements that the borrowers intended to use the houses as their primary residences.

12. On some occasions to support the false information in the loan applications, the defendants obtained, prepared, and caused to be prepared false documents, such as false earning statements for the prospective borrowers and false letters from accountants.

4

13. MOHSIN RAZA submitted, as loan officer, the false loan applications prepared by him and HUMAIRA IQBAL. FARUKH IQBAL and MOHAMMAD ALI HAIDER submitted, as loan officers, the false loan applications that they had prepared.

14. The defendants submitted, and caused to be submitted, the false loan applications and supporting false documents to SunTrust Mortgage offices in Richmond, Virginia to obtain approvals for the loans sought by the prospective borrowers.

15. By submitting, and causing to be submitted, the false loan applications and supporting false documents, the defendants caused SunTrust Mortgage to approve mortgage loans for prospective borrowers and SunTrust Bank to fund the loans by wiring the loan proceeds to the escrow agents conducting the respective loan closings. In this way, the defendants caused SunTrust Bank to fund mortgage loans for the following properties:

    a. 1505 Washington Square Court, Occoquan, Virginia, which closed on or about May 19, 2006;

    b. 9540 Justin Lane, Manassas, Virginia, which closed on or about June 9, 2006

    c. 4502 King Edward Court, Annandale, Virginia, which closed on or about June 22, 2006;

    d. 1914 Cherri Drive, Falls Church, Virginia, which closed on or about June 26, 2006;

    e. 921 Devonshire Circle, Purcellville, Virginia, which closed on or about July 19, 2006;

    f. 43380 Frenchmans Creek Terrace, Ashburn, Virginia, which closed on or

about July 25, 2006;

   g. 6904 Deer Run Drive, Alexandria, Virginia, which closed on or about July 26, 2006;

   h. 2907 Breezy Terrace, Alexandria, Virginia, which closed on or about July 28, 2006;

   i. 6 Simeon Lane, Sterling, Virginia, which closed on or about August 2, 2006;

   j. 43388 Frenchmans CreekTerrace, Ashburn, Virginia, which closed on or about August 11, 2006;

   k. 43390 Frenchmans CreekTerrace, Ashburn, Virginia, which closed on or about August 11, 2006;

   l. 3803 Maryalice Place, Falls Church, Virginia, which closed on or about October 16, 2006; and

   m. 8241 Lamberts Lane, Alexandria, Virginia, which closed on or about January 31, 2007.

(In violation of Title 18, United States Code, Section 1349)

## COUNT 2
(Wire Fraud Affecting a Financial Institution)

THE GRAND JURY FURTHER ALLEGES THAT:

16. From in or before May 2006 through on or about February 5, 2007, in the Eastern District of Virginia and elsewhere, defendants MOHSIN RAZA and FARUKH IQBAL knowingly devised and intended to devise a scheme and artifice, affecting a financial institution, to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud, knowingly transmitted and caused to be transmitted by means of wire communications in interstate commerce, certain writings, signs, signals and sounds.

### Scheme and Artifice to Defraud

17. The scheme and artifice to defraud is described in paragraphs 11 through 15 of Count 1 of this indictment, which paragraphs are re-alleged and incorporated in this count as if fully set forth.

### Use of Interstate Wire Communications

18. On or May 19, 2006, in the Eastern District of Virginia and elsewhere, defendants MOHSIN RAZA and FARUKH IQBAL, for the purpose of executing the scheme and artifice to defraud, knowingly and willfully caused SunTrust Bank to transfer by wire approximately $437,068 from Atlanta, Georgia to The Americas Title Group's account at Branch Banking & Trust in Richmond, Virginia, as loan proceeds for the purchase of the property at 1505 Washington Square Court, Occoquan, Virginia.

(In violation of Title 18, United States Code, Sections 1343 and 2)

## COUNT 3
(Wire Fraud Affecting a Financial Institution)

THE GRAND JURY FURTHER CHARGES THAT:

19. From in or before May 2006 through on or about February 5, 2007, in the Eastern District of Virginia and elsewhere, defendants MOHSIN RAZA and HUMAIRA IQBAL knowingly devised and intended to devise a scheme and artifice, affecting a financial institution, to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud, knowingly transmitted and caused to be transmitted by means of wire communications in interstate commerce, certain writings, signs, signals and sounds.

### The Scheme and Artifice

20. The scheme and artifice to defraud is described in paragraphs 11 through 15 of Count 1 of this indictment, which paragraphs are re-alleged and incorporated in this count as if fully set forth.

### Use of Interstate Wire Communications

21. On or about June 22, 2006, in the Eastern District of Virginia and elsewhere, defendants, MOHSIN RAZA and HUMAIRA IQBAL, for the purpose of executing the scheme and artifice to defraud, knowingly caused SunTrust Bank to transfer by wire approximately $365,017 from Atlanta, Georgia to Ikon Title and Escrow's account at First Alliance Bank in Fairfax, Virginia, as loan proceeds for the purchase of the property located at 4502 King Edward Court, Annandale, Virginia.

(In violation of Title 18, United States Code, Sections 1343 and 2)

## COUNT 4
(Wire Fraud Affecting a Financial Institution)

THE GRAND JURY FURTHER CHARGES THAT:

22. From in or before May 2006 through on or about February 5, 2007, in the Eastern District of Virginia and elsewhere, defendant MOHSIN RAZA knowingly devised and intended to devise a scheme and artifice, affecting a financial institution, to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud, knowingly transmitted and caused to be transmitted by means of wire communications in interstate commerce, certain writings, signs, signals and sounds.

### Scheme and Artifice to Defraud

23. The scheme and artifice to defraud is described in paragraphs 11 through 15 of Count 1 of this indictment, which paragraphs are re-alleged and incorporated in this count as if fully set forth.

### Use of Interstate Wire Communications

24. On or about June 26, 2006, in the Eastern District of Virginia and elsewhere, defendant, MOHSIN RAZA, for the purpose of executing the scheme and artifice to defraud, knowingly and willfully caused SunTrust Bank to transfer by wire approximately $413,894 from Atlanta, Georgia to Peterson, Noll, & Goodman's account at Potomac Bank of Virginia in Fairfax, Virginia as loan proceeds for the purchase of the property located at 1914 Cherri Drive, Fairfax, Virginia.

(In violation of Title 18, United States Code, Sections 1343 and 2)

## COUNT 5
(Wire Fraud Affecting a Financial Institution)

THE GRAND JURY FURTHER CHARGES THAT:

25. From in or before May 2006 through on or about February 5, 2007, in the Eastern District of Virginia and elsewhere, defendants MOHSIN RAZA and HUMAIRA IQBAL knowingly devised and intended to devise a scheme and artifice, affecting a financial institution, to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud, knowingly transmitted and caused to be transmitted by means of wire communications in interstate commerce, certain writings, signs, signals and sounds.

### Scheme and Artifice to Defraud

26. The scheme and artifice to defraud is described in paragraphs 11 through 15 of Count 1 of this indictment, which paragraphs are re-alleged and incorporated in this count as if fully set forth.

### Use of Interstate Wire Communications

27. On or about July 25, 2006, in the Eastern District of Virginia and elsewhere, defendants MOHSIN RAZA and HUMAIRA IQBAL, for the purpose of executing the scheme and artifice to defraud, knowingly and willfully caused SunTrust Bank to transfer by wire approximately $470,366 from Atlanta, Georgia to Option 1 Title and Escrow's account at Alliance Bank in Fairfax, Virginia, as loan proceeds for the purchase of the property at 43380 Frenchmans Creek Terrace, Ashburn, Virginia.

(In violation of Title 18, United States Code, Sections 1343 and 2)

## COUNT 6
(Wire Fraud Affecting a Financial Institution)

THE GRAND JURY FURTHER CHARGES THAT:

28. From in or before May 2006 through on or about February 5, 2007, in the Eastern District of Virginia and elsewhere, defendant MOHSIN RAZA knowingly devised and intended to devise a scheme and artifice, affecting a financial institution, to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud, knowingly transmitted and caused to be transmitted by means of wire communications in interstate commerce, certain writings, signs, signals and sounds.

### Scheme and Artifice to Defraud

29. The scheme and artifice to defraud is described in paragraphs 11 through 15 of Count 1 of this indictment, which paragraphs are re-alleged and incorporated in this count as if fully set forth.

### Use of Interstate Wire Communications

30. On or about July 28, 2006, in the Eastern District of Virginia and elsewhere, defendant MOHSIN RAZA, for the purpose of executing the scheme and artifice to defraud, knowingly and willfully caused SunTrust Bank to transfer by wire approximately $405,918 from Atlanta, Georgia to The Settlement Group's account at Alliance Bank in Fairfax, Virginia, as loan proceeds for the purchase of the property at 2907 Breezy Terrace, Alexandria, Virginia. (In violation of Title 18, United States Code, Sections 1343 and 2)

11

## COUNT 7
### (Wire Fraud Affecting a Financial Institution)

THE GRAND JURY FURTHER CHARGES THAT:

31. From in or before May 2006 through on or about February 5, 2007, in the Eastern District of Virginia and elsewhere, defendants MOHSIN RAZA and MOHAMMAD ALI HAIDER knowingly devised and intended to devise a scheme and artifice, affecting a financial institution, to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud, knowingly transmitted and caused to be transmitted by means of wire communications in interstate commerce, certain writings, signs, signals and sounds.

### Scheme and Artifice to Defraud

32. The scheme and artifice to defraud is described in paragraphs 11 through 15 of Count 1 of this indictment, which paragraphs are re-alleged and incorporated in this count as if fully set forth.

### Use of Interstate Wire Communications

33. On or about February 5, 2007, in the Eastern District of Virginia and elsewhere, defendants MOHSIN RAZA and MOHAMMAD ALI HAIDER, for the purpose of executing the scheme and artifice to defraud, knowingly and willfully caused SunTrust Bank to transfer by wire approximately $386,724 from Atlanta, Georgia to Central Title and Escrow's account at Alliance Bank in Fairfax, Virginia, as loan proceeds for the purchase of the property at 8241 Lamberts Lane, Alexandria, Virginia.

(In violation of Title 18, United States Code, Sections 1343 and 2)

## FORFEITURE NOTICE

Pursuant to Federal Rule of Criminal Procedure 32.2(a), the defendants are hereby notified that, if convicted of the violations of 18 U.S.C. § 1349 alleged in this Indictment, they shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violations, including, but not limited to, a sum of money equal to at least $1,549,136 in United States currency, representing the amount of proceeds obtained as a result of the charged violations.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by 18 U.S.C. § 982(b), the defendants shall forfeit substitute property, up to the value of $1,549,136 if, by any act or omission of the defendants, the property directly derived from the charged violations cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, including, but not limited to the properties described as:

    a.    99 Lake Sterling Gate Drive, Spring, Texas;

    b.    4915 Chaste Tree Place, Woodbridge, Virginia;

    c.    4947 Chaste Tree Place, Woodbridge, Virginia;

    d.    14468 General Washington Drive, Woodbridge, Virginia; and

    e.    11888 Chanceford Drive, Woodbridge, Virginia

(In accordance with Title 18, United States Code, Section 982(a)(2)(A) and Rule 32.2(a), Federal Rules of Criminal Procedure.)

A TRUE BILL:

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office.

**FOREPERSON**

Dana J. Boente
United States Attorney

By: _____
Jack Hanly
Assistant United States Attorney
Counsel for the United States
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3773
Email: jack.hanly@usdoj.gov

_____
Joseph A. Capone
Special Assistant United States Attorney

14