IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MOHSHIN RAZA, HUMAIRA IQBAL,<br>FARUKH IQBAL, AND MOHAMMAD<br>ALI HAIDER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)   Criminal No. 1:15-CR-118 (CMH)<br>)<br>)<br>)<br>)<br>) |

REBUTTAL BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS OR IN THE ALTERNATIVE SEVER

Defendant Ali Haider briefly responds to the Government's argument that the Court
should not rule on the merits of its *Kotteakos* motion and to its argument on the merits.

I.      The Motion Should be Decided on its Merits

The government asserts that the Court should not reach the motion because the Court
"ordered that all pre-trial motions be filed within 30 days." Opp'n at 2. While defendants do
not concede that it is untimely, there is good cause to consider the motion on its merits. *See*
F.R.Crim.P. 12(c)(3) (even untimely 12(b)(3) motion may be heard for good cause). While the
motion makes a facial challenge to the indictment, the paucity of evidence of conspiracy
became clear only after defendants received and completed review of discovery—much of
which was produced only last month. The lack of such evidence confirms that the indictment
intends to charge the type of "conspiracy" that does not constitute a conspiracy at all as a
matter of federal law. Where the government has elected to attempt to tie multiple otherwise
unconnected "spoke" loans and defendants through only one "hub" defendant, *Kotteakos* issues

are likely to arise at trial, as described below. *See Kotteakos v. United States*, 328 U.S. 750 (1946).

Discovery, and the government's recent filing to this Court, make clear what was merely implicit on the indictment's face: relying on the bald assertion of conspiracy, the government hopes to convict individual defendants, against whom it has a paucity of evidence, by introduction of evidence that it "will <u>not</u> be able specifically to link … to the 13 transactions identified in the indictment." Government's Memorandum Regarding Evidentiary Issues Likely to Arise at Trial, Jan. 14, 2016, Dckt.# 167, at 3 (emphasis added). It will argue that such evidence, otherwise clearly inadmissible, should be admitted against each defendant as "intrinsic to the conspiracy." *Id.* It will even seek to leverage the hub-and-spokes conspiracy count to admit evidence "outside the time of the conspiracy," and argue that individuals like Rina Delgado, previously convicted in connection with loans wholly outside the indictment, are actually part of the same "single conspiracy with Raza, Humaira Iqbal, Farukh Iqbal, and Mohammad Ali Haider to submit fraudulent loan applications and supporting documents…." *Id.* at 3-4. *See also id.* at 8 (alleging Delgado to be a "co-conspirator").

The government even intends to rely on the conspiracy charge to bootstrap admissibility of evidence of conspiracy. In particular, the government told the Court yesterday that it will seek to admit against <u>every</u> defendant evidence of allegedly "false documents" created by Ranjit Singh, despite the fact that "Singh cannot state to whom he sold specific documents," because Singh alleges he sold some such documents to two of the defendants, Messrs. Iqbal and Haider, and the government alleges all defendants (and an undisclosed number of non-defendants) to be part of a single, over-arching conspiracy. *Id.* at 5. *See also id.* at 7 (arguing that 404(b) evidence involving two defendants should be admitted against all

defendants to prove that all defendants were part of the same conspiracy). Similarly, the government contends that it can introduce against Mr. Iqbal and Mr. Haider evidence of purported loan fraud engaged in by Ashok Bhagi with the other two defendants here, Humaira Iqbal and Mohsin Raza, despite the facts that 1) neither Mr. Haider nor Mr. Iqbal are alleged to have been involved in that conduct; 2) the conduct occurred "before the time of the conspiracy charged in the indictment;" and 3) it occurred when the two relevant defendants worked at an institution other than SunTrust. *Id.* at 9.

The government thus hopes to use its *Kotteakos*-style conspiracy charge to allow it to introduce against Mr. Haider evidence from transactions in which he was not involved, people with whom he did not deal, and time periods that both pre- and post-date the offenses charged. And, given the structure of the indictment, the same is true for the other defendants alleged to be along the spokes of a conspiracy connected only at its alleged hub, with no factual rim even alleged to enclose it. The obvious prejudice will threaten to infect the trial throughout, in a way that varies according to which defendant has some factual connection to a particular piece of government evidence. With many witnesses and unusually diverse evidence, this will draw repeated objections throughout. There is, therefore, good cause for a pretrial substantive ruling on whether a *Kotteakos*-style indictment charges a valid conspiracy offense and, if it does not, whether the remaining substantive counts and defendants are properly joined. *See* F.R.Crim.P. 12(c)(3) (even untimely 12(b)(3) motion may be heard for good cause).

## II.    The Indictment Does Not Allege a Valid Conspiracy

On the merits, the government side-steps rather than responds to defendants' argument. First the government relies on a case from the Eastern District of Virginia, citing one from the Court of Appeals for the Fourth Circuit. *See* Opp'n at 2 (citing *United States v. Cuong Gia Le*,

310 F. Supp. 2d 763, 773 (E.D. Va. 2004), which in turn cites *United States v. Am. Waste Fibers Co.*, 809 F.2d 1044, 1047 (4th Cir. 1987)). But both cases consider conventional facial challenges to the adequacy of conventional conspiracy indictments; neither considers a hub-and-spoke or rimless wheel indictment like the one in this case, nor does either even cite, let alone apply, the dispositive authority of *Kotteakos* or any of the authority of this district or the circuit applying it. The only on-point authority the government cites is *United States v. Mastelotto*, 717 F.2d 1238, 1244 (9th Cir. 1983), *rev'd on other grounds, United States v. Miller*, 471 U.S. 130, 135 (1985). But an overturned decision of the Ninth Circuit provides no answer to the controlling authority in this jurisdiction enforcing the *Kotteakos* rule.

As laid out in the defendants' brief, *Kotteakos* rimless wheel indictments are invalid for duplicity, which can lead to "improper notice of the charges against [the defendant], prejudice in the shaping of evidentiary rulings, in sentencing, in limiting review on appeal, in exposure to double jeopardy, and ... the danger that a conviction will result from a less than unanimous verdict as to each separate offense." *United States v. Pleasant*, 125 F. Supp. 2d 173, 175-76 (E.D. Va. 2000) (citing *United States v. Armstrong*, 974 F.Supp. 528, 539 (E.D. Va. 1997) (quoting *United States v. Duncan*, 850 F.2d 1104, 1108 n.8 (6th Cir. 1988))). The Fourth Circuit has expressly recognized *Kotteakos* as providing the fundamental rule of federal rimless-wheel conspiracy law: "In *Kotteakos,* the Supreme Court made clear that a rimless wheel conspiracy is not a single, general conspiracy but instead amounts to multiple conspiracies between the common defendant and each of the other defendants." *Dickson v. Microsoft Corp.*, 309 F.3d 193, 203 (4th Cir. 2002). Allegations of a hub-and-spoke conspiracy must be dismissed for failure to plead a single conspiracy under federal law. *Id.* at 203-204 (upholding district court's dismissal of "a single, rimless wheel conspiracy" as failing

4

to state a complaint).  *See also Pleasant*, 125 F.Supp. 2d at 184-85 (refusing to strike surplusage to cure duplicity where doing so would amount to constructive amendment, and dismissing charge).  The fact that a *Kotteakos* conspiracy charges distinct crimes rather than a single over-arching one— as a matter of federal law— makes the joinder of these offenses improper.  *United States v. Goss*, 329 F.2d 180, 184 (4th Cir. 1964); *see also Ingram v. United States,* 272 F.2d 567, 571 (4th Cir. 1959) (reversing conviction and denial of severance in joint trial of two moonshining offenses involving different parties but occurring on the same street, simultaneously, two blocks apart, but not shown to be part of same scheme).

### III.    Conclusion

For the reasons provided above, and those provided in his original brief, Defendant respectfully asks that the indictment be dismissed or, in the alternative, that the defendants and counts be severed for separate trials.

Dated:  January 15, 2016                                   Respectfully submitted,

Thomas G. Connolly (VA Bar #29164)
Patrick O'Donnell (VA Bar #41761)
HARRIS, WILTSHIRE & GRANNIS, LLP
1919 M Street, N.W., Eighth Floor
Washington, D.C. 20036
Telephone:  (202) 730-1300
tconnolly@hwglaw.com
podonnell@hwglaw.com

*Counsel for Mohammad Ali Haider*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January, 2016 I caused a true and correct copy of the foregoing to be filed and served using the Court's CM/ECF system, with electronic notification of such filing to all counsel of record.

Patrick O'Donnell (VA Bar #41761)
Harris, Wiltshire & Grannis, LLP
1919 M Street, N.W., Eighth Floor
Washington, D.C. 20036
Telephone: (202) 730-1300
podonnell@hwglaw.com